UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD MAX LEEDY,<br><br>    Plaintiff,<br><br>    v.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>    Defendants. | Case No. 16-cv-07269-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 18 |

Before the Court is Plaintiff Donald Leedy's motion to remand this case to the Superior Court of the State of California, San Francisco County ("State Court"). ECF No. 18. Defendants Bristol-Myers Squibb Co. and AstraZeneca Pharmaceuticals LP oppose the motion. ECF No. 20. The Court will grant the motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially brought this action in state court alleging that Saxagliptin, a prescription drug distributed under the brands Onglyzga and Kombiglyze XR, caused heart failure, congestive heart failure, death from heart failure, and other serious conditions to users who suffer from Type 2 diabetes. ECF No. 1-1 at 89-90. Plaintiff alleges that Defendants, in concert with defendant McKesson Corporation ("McKesson"), were involved with many aspects of bringing Saxagliptin to the market, including, but not limited to, the manufacturing, marketing, and distribution of the prescription drug. Id. at 87. Both the Plaintiff and McKesson are residents of California for jurisdictional purposes. Id. at 86-87.

In October 2016, the state court dismissed several plaintiffs on grounds of forum non conveniens. Id. at 230-236. Subsequently, Defendants submitted interrogatories to Plaintiff

asking where he purchased the drug he ingested and seeking details regarding McKesson's involvement in his claim. ECF No. 2 at 36-40, 45-47. Based on his responses – or the lack of information in the same – Defendants removed the action to federal court pursuant to 28 U.S.C. § 1446(b)(3) on the grounds that the Court had subject matter jurisdiction based on diversity of the parties. ECF No. 1. Defendants allege that "Plaintiff lacks a factual or legal basis to recover against McKesson because Plaintiff cannot identify any facts, witnesses, or documents establishing that McKesson distributed the Onglyza he ingested," and he failed to identify the pharmacy where he purchased the drug. Id. at 3. Therefore, McKesson was fraudulently joined to destroy complete diversity. Id. Plaintiff denies these contentions, and on January 20, 2017 he filed a motion to remand the case back to state court. ECF No. 18.

## II. LEGAL STANDARD

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by a defendant ... to [a] federal district court." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). There is a strong presumption against removal. Id. "'[T]he defendant always has the burden of establishing that removal is proper.'" Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting Gaus, 980 F.2d at 566).

Federal court jurisdiction based on 28 U.S.C. § 1332 requires complete diversity of citizenship between the parties. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Complete diversity exists only when no defendant is a citizen of the same state as any plaintiff. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). A court should remand a case if a defendant is "fraudulently joined." Morris, 236 F.3d 1067-1068. "Fraudulent joinder is a term of art." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. "[A] non-diverse

2

defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011) (citing Kruso v. Int'l Tel. & Tel. Corp., 972 F.2d 1416, 1426 (9th Cir.1989)). The party alleging fraudulent joinder carries a "heavy burden" of demonstrating by clear and convincing evidence that the non-diverse party has been joined fraudulently. Hamilton Materials, Inc. v. Down Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). The defendant seeking removal to the federal court is entitled to present facts showing the joinder is fraudulent, including facts and depositions beyond the pleadings. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (citing McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

## III. DISCUSSION

The Court may find fraudulent joinder when the failure to state a cause of action is "obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Plaintiff argues that McKesson has failed to show that his claim is impossible because sufficient discovery has not yet taken place. ECF No. 18-1 at 16-17.

Defendants argue that the fact that Plaintiff has not identified the pharmacy where he filled an Onglyza prescription should preclude him from alleging that McKesson distributed the drugs he ingested on information and belief. ECF No. 20 at 7-8. In the prescription drug distribution context, courts have held that "[t]he fact that [a plaintiff's] allegations [are] based on information and belief does not make it 'obvious according to the settled rules of the state' that the complaint fails to state a claim." D.A. ex. rel. Wilson v. McKesson Corp., No. 1:13-CV-01700-LJO, 2014 WL 202738, at *5 (E.D. Cal. Jan. 17, 2014) (quoting Oliver v. McNeil–PPC, Inc., No. 1:12-cv-01865-AWI-SAB, 2013 WL 459630, at * 6 (E.D. Cal. Feb. 4, 2013), and citing cases).

The Court need not resolve this argument, because remand is required for another reason: Plaintiff's strict liability action against McKesson does not necessarily require that Plaintiff have obtained Onglyza in a distribution chain that included McKesson. ECF No. 1-1 at 15. California law remains unsettled on the question of whether a plaintiff may bring a strict liability action

3

against a distributor who is not part of the vertical chain of distribution that provided a plaintiff with the product that caused him or her harm. See Mendez v. AstraZeneca Pharm. LP, No. 1:12-CV-00535-LJO, 2012 WL 1911382, at *2 (E.D. Cal. May 25, 2012) ("California Courts have yet to address the liability of distributors and other potential defendants in the commercial chain in prescription drug cases.").

In Buck v. McKesson Corp., No. 13CV2541 JLS (RBB), 2014 WL 12514793, at *3 (S.D. Cal. July 29, 2014), the court remanded an action against McKesson where McKesson could not have distributed the drug the plaintiff ingested because the defendant "nonetheless failed to show that [p]laintiffs' claims [were] obviously without merit under California law, such that they would be dismissed without leave to amend." Id. The court noted that California law extends strict liability "to non-manufacturing parties outside the vertical chain of distribution of a product that play an integral role in the producing and marketing enterprise of a defective product and that profit from placing the product into the stream of commerce." Id. at *2, (citing Bay Summit Cmty. Ass'n v. Shell Oil Co., 59 Cal. Rptr. 2d 322, 328 (1996)). Therefore, despite legitimate concerns raised by the defendant as to the merits of the plaintiffs' action, the court remanded because the issue was better decided by the state court in the first instance. Id. at *3.

Similarly here, whether McKesson remains liable under Plaintiff's strict liability theory remains a question properly decided by the state court. "'[T]hat a defendant might be dismissed, particularly after a close call in an evolving area of state law, does not mean that the defendant was fraudulently joined.' Rather, these are 'complex issues of state law' that should be decided in the first instance by state, not federal, courts." Buck, 2014 WL 12514793, at *3 (quoting W.W. v. McKesson Corp., Case No. SACV 13-1649 AG (DFMx), 2014 WL 12577143, at *3 (Jan. 31, 2014)). This Court concludes that Defendants have "fail[ed] to show that . . . all of [Plaintiff's] claims would be dismissed without leave to amend," and therefore remands the case to the state court. Buck, 2014 WL 12514793, at *2.

/ / /

/ / /

/ / /

4

**CONCLUSION**

The Court grants Plaintiff's Motion to Remand and remands the case to the appropriate state court.

**IT IS SO ORDERED.**

Dated: April 24, 2017

_____
JON S. TIGAR
United States District Judge